# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IAN A. WOODS, | ) |
|     Plaintiff, | )    2:13-cv-01029-APG-NJK |
| vs. | ) **ORDER** |
| AARON BROWN, *et al.*, | ) (Docket No. 28) |
|     Defendants. | ) |

Pending before the Court is Plaintiff's motion to supplement the pleadings pursuant to Fed. R. Civ. P. 15(d). *See* Docket No. 28. Defendants oppose the motion and Plaintiff filed a reply. Docket Nos. 31, 33. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. Defendants argue that the pending motion is too vague to allow the Court to understand what additional allegations Plaintiff seeks to add to his pleadings. *See* Docket No. 31 at 3. Defendants assert that is a particular concern here given that Plaintiff also failed to attached his proposed supplemental pleading. *See id.* (discussing Local Rule 15-1(a)). The Court agrees. Plaintiff provides only general assertions of new allegations that he seeks to add to his pleadings. *See* Docket No. 28 at 3. Such generalized assertions are not sufficient to enable meaningful review of the motion. Accordingly, the motion to supplement the pleadings is **DENIED** without prejudice.

1  Plaintiff's reply argues that he is unable to comply with the above requirements because he does
2  not have a copy of his first supplemental complaint. *See* Docket No. 33 at 2. To that end, Plaintiff asks
3  the Court to send him a "free courtesy copy" of his supplemental complaint and exhibits. *See id.*[1]
4  Courts have not permitted plaintiffs proceeding *in forma pauperis* to receive free copies of documents
5  from the court without the plaintiff demonstrating a specific showing of need. *See, e.g., Ross v. Dameo*,
6  2012 U.S. Dist. Lexis 115437, *1-2 (D. Nev. Aug. 14, 2012) (collecting cases). In this instance, Plaintiff
7  argues that he needs copies of his supplemental complaint and its exhibits to attach to his motion for
8  leave to supplement. *See, e.g.*, Docket No. 33 at 2. This is not the case. Rule 8 requires only a short,
9  plain statement of the case showing the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). At this
10 stage of the proceedings, the Plaintiff is not required to provide evidence supporting his claims, so
11 attaching exhibits to the complaint is generally unnecessary. *See, e.g., Thomas v. Skrenek*, 2014 WL
12 1631392, *4 (C.D. Cal. Apr. 23, 2014). To the extent Plaintiff nonetheless believes reference to the
13 previously-submitted exhibits is necessary, he is not required to resubmit them and may instead ask the
14 Court to attach the exhibits to any new complaint or may refer to the exhibits directly. *See, e.g.*,
15 *Swagerty v. Palagummi*, 2012 WL 695994, *6 (E.D. Cal. Mar. 1, 2012). Moreover, Plaintiff does not
16 need to attach his first supplemental complaint itself, because any new complaint will need to be
17 complete in itself and will supersede all prior complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
18 1967). In short, Plaintiff has failed to show a specific need for the copies requested from the Court and
19 Plaintiff's request that the Court send him copies is hereby **DENIED**.
20  IT IS SO ORDERED.
21  DATED: November 18, 2014

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The supplemental complaint and exhibits total 379 pages. *See* Docket No. 13.