UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IAN A. WOODS,<br><br>            Plaintiff(s),<br><br>vs.<br><br>AARON BROWN, et al.,<br><br>           Defendant(s). | Case No. 2:13-cv-01029-APG-NJK<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(Docket No. 46) |

On April 28, 2014, United States District Judge Andrew P. Gordon denied Plaintiff's motion for appointment of counsel, finding no exceptional circumstances exist in this case. *See* Docket No. 18 at 2-3. Now before the Court is Plaintiff's motion for appointment of counsel, specifically seeking inclusion into the Court's pilot program for the representation of *pro se* litigants. *See* Docket No. 46; *see also* General Order 2014-01. "Whether to refer a case for appointment is discretionary" and the General Order has outlined numerous factors to be considered. *See id.*, Section 1(a). Having reviewed the relevant factors, the Court finds that appointment of counsel is not appropriate in this case. Accordingly, the motion to appoint counsel is hereby **DENIED**.

In addition, Plaintiff filed the pending motion on an *ex parte* basis. A party seeking relief on an *ex parte* basis must provide a statement showing good cause why notice to the other parties is not appropriate. *See* Local Rule 7-5(b). Seeking relief from the Court on an *ex parte* basis is limited to only the most limited circumstances. *See In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); Local Rule 7-5(c) (*ex parte* motions are proper "only for compelling reasons").

1  The pending motion does not explain why it was filed on an *ex parte* basis, and the Court finds that
2  compelling reasons for doing so are absent.  Accordingly, the Court hereby **INSTRUCTS** the
3  Clerk's Office to remove the *ex parte* designation on the docket so that the motion may be viewed by
4  the other parties.
5      IT IS SO ORDERED.
6      DATED:   December 15, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge