UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| IAN A. WOODS, | ) | 2:13-cv-01029-APG-NJK |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | (Docket No. 57, 62) |
| AARON BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's motion for an order requiring compliance with the Court's prior order for a $20 copy work extension, as well as for sanctions. *See* Docket No. 57. Defendants filed a response that, due to an apparent error by the previously-assigned deputy attorney general, the prison had not been given a copy of the Court's order and was unaware of it. *See* Docket No. 70. Defendants further respond that the $20 has now been provided. *See id.* In reply, Plaintiff provides a declaration indicating that he personally provided the prison law library with the Court's order but that they refused to comply. *See* Docket No. 78.

Also pending before the Court is Plaintiff's motion for sanctions. *See* Docket No. 62. Defendants filed a response that, due to an apparent error by the previously-assigned deputy attorney general, the prison had not been given a copy of the Court's order and was unaware of it. *See* Docket No. 73 at 4. Defendants further respond that the $20 has now been provided. *See id.* In reply, Plaintiff indicates that he personally provided the prison law library with the Court's order but that they refused to comply. *See* Docket No. 80 at 2-3.

1  In light of the above factual allegations, the Court ordered Defendants to supplement their
2 responses to address the contention that Plaintiff provided a copy of the relevant order to the law library.
3 Docket Nos. 83-84. Defendants have now filed a response, including (1) a declaration from Venus
4 Fajota that Inmate Banking Services was unaware of the order until March 3, 2015, and (2) a declaration
5 from law librarian Rashonda Smith that she "do[es] not recall" Plaintiff presenting her with a copy of
6 the order prior to March 3, 2015. *See* Docket No. 91.

7  The Court finds Plaintiff's factual allegations troubling. Nonetheless, the Court need not weigh
8 into the factual dispute of whether Plaintiff did indeed present Ms. Smith with a copy of the Court's
9 order. Defendants have already acknowledged that their failure to comply with the Court's order
10 stemmed (at least in part) from their prior counsel's failure to properly inform the prison of the order.
11 *See* Docket No. 70 at 2 ("[The prior deputy attorney general assigned to the case] was responsible for
12 sending a copy of this Court's Order to Venus Fajota, Chief of Inmate Banking Services at the Nevada
13 Department of Corrections to ensure that Plaintiff's work copy privileges were increased by $20.00.
14 Unfortunately and for reasons unknown to the Office of the Attorney General, [the prior deputy attorney
15 general assigned to the case] did not send a copy of this Court's Order to the Ms. Fajota"). Even
16 assuming that attorney's failure was inadvertent, it is clear that her shortcomings led to non-compliance
17 with the order. That is sufficient for the imposition of sanctions: "Whether the party and/or its counsel
18 disobeyed a court order intentionally is impertinent; sanctions may be imposed when the parties and their
19 counsel disobey a court order." *Wilson v. KRD Trucking West*, 2013 WL 836995, *1 (D. Nev. Mar. 6,
20 2013) (citing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001)).
21 In the circumstances of this case, the Court finds Defendants' prior counsel's conduct should result in
22 the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f).

23  The question then becomes a determination of the appropriate sanction. Plaintiff seeks a sanction
24 in the amount of $500. *See* Docket No. 57 at 2. The Court finds such a request excessive. At this point,
25 there has been compliance with the Court's order (albeit belated), and Plaintiff has failed to show that
26 a $500 sanction would be appropriate. Plaintiff was forced, however, to file several motions in order

to obtain compliance with a clear Court order. In the circumstances, the Court **ORDERS** the Office of the Attorney General to pay Plaintiff $10 as a sanction for its attorney's non-compliance with the Court's prior order. That money shall be deposited into Plaintiff's trust account no later than May 1, 2015.

The Court further cautions Defendants and Defendants' counsel that it expects strict compliance with Court orders and all applicable rules in the future. <u>The failure to do so may result in the imposition of significant sanctions</u>.

For the reasons discussed above, the motion to compel is **DENIED** as moot and the motion for sanctions is **GRANTED** in part.

IT IS SO ORDERED.

DATED: April 17, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE