UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IAN A. WOODS,               )<br>                             )<br>        Plaintiff,           )<br>                             )<br>    vs.                      )<br>                             )<br> AARON BROWN, *et al.*,      )<br>                             )<br>        Defendants.          )<br>_____) | 2:13-cv-01029-APG-NJK<br><br>**ORDER GRANTING IN PART MOTION**<br><br>(Docket No. 100) |

Pending before the Court is Plaintiff's motion to extend his copy work limit. Docket No. 100. That motion was served on Defendants on April 29, 2015. Docket No. 100 at 5. To date, Defendants have failed to file a response in opposition. While the Court has discretion to grant the motion as unopposed, *see* Local Rule 7-2(d), it has instead chosen to review the motion on its merits. For the reasons discussed more fully below, the motion is hereby GRANTED in part.

An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC regulations, inmates can only accrue a maximum of $100 debt for copy work expenses for all cases. *See, e.g.*, *Weddle v. Baker*, 2014 U.S. Dist. Lexis 151674, *3 (D. Nev. Oct. 27, 2014). "In this district, courts have found that they can order a prison to extend limited photocopying when it is necessary for an inmate to provide copies to the Court and other parties." *Id.* (citing *Allen v. Clark Cnty. Det. Ctr.*, 2011 U.S. Dist. Lexis 31756 (D. Nev. Mar. 11, 2011)).

1    Plaintiff has indicated that he has spent nearly all of his current copy allotment in moving for
2 default judgment and to extend his deadline to oppose summary judgment, along with exhibits attached
3 thereto.  *See* Docket No. 100 at 2.  The Court <u>again</u> advises Plaintiff, however, that he should use his
4 copying privileges sparingly, refrain from filing numerous, unnecessary and duplicative motions, and
5 attempt to duplicate documents through other means (including handwriting copies).  Plaintiff does not
6 explain why he could not copy the above motions through handwriting.  Moreover, it appears Plaintiff
7 is making copies of exhibits that are unnecessary.  For example, the exhibits consist in part of orders or
8 motions that are on the docket, and the Court fails to discern a need for copies of those documents to be
9 submitted as exhibits.  Instead, Plaintiff's motions can simply refer to the appropriate docket number
10 as a reference without the need to attach the actual document as an exhibit.

11    Nonetheless, Plaintiff has given an accounting of how he has used his current copy allotment and
12 the Court finds it in the interest of justice to provide an additional $20 in copy costs for Plaintiff to
13 oppose summary judgment.  Accordingly, the motion is hereby **GRANTED** in part.  Defendants'
14 counsel shall promptly arrange for this additional $20 to be made available for Plaintiff's copying needs.
15 The Court expects this $20 to be spent in accordance with the above guidance regarding handwriting
16 copies and refraining from submitting unnecessary exhibits.

17    IT IS SO ORDERED.
18    DATED: May 19, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE