**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| IAN A. WOODS, | Case No. 2:13-CV-01029-APG-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND PRELIMINARY INJUNCTION** |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | (Dkt. #59) |

Plaintiff Ian Woods moves for a temporary restraining order and a preliminary injunction based on two allegations. First, he alleges that defendant Rashonda Smith is denying him access to the law library at Southern Desert Correctional Center in retaliation for the grievances he has filed against her and other officials at the prison. Second, he alleges that the defendants generally have been retaliating against him for filing grievances. Woods asserts he fears he will be sent to the "hole" or to High Desert State Prison in retaliation if he files any more grievances. Woods requests I enjoin the defendants from preventing library visits on Tuesday mornings and Thursday afternoons when he properly requests those visits. Woods also requests that I enjoin defendants from retaliating against him for filing grievances.

The standard for obtaining a temporary restraining order and a preliminary injunction are substantially the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in

the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Additionally, in the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

### A.  Library Visits

Woods has not met his burden of showing a likelihood of success or serious questions on the merits of his assertion that Smith is retaliating against him by depriving him of regularly scheduled library visits. Woods states in his supporting affidavit that he is being "hindered" and he is in fear of missing a court-ordered deadline. However, Woods does not identify any specific incidents where he was denied access to the library at a time when he should have been able to visit it. Nor does he identify any specific court-ordered deadline that he might miss as a result. Woods therefore has not made a clear showing that he is likely to succeed on the merits of this issue or that he is likely to be irreparably harmed. Woods also has not addressed the balance of hardships or public interest factors. Absent any information regarding when Woods was denied access to the library and under what conditions, I have no basis to conclude those factors weigh in his favor. I therefore deny his motion with respect to the library issue.

### B.  Retaliation

As set forth in a separately-filed order on the defendants' motion for summary judgment, genuine issues of fact remain as to whether defendants Rashonda Smith and Aaron Brown violated Woods' First Amendment rights by retaliating against him for filing grievances. Woods therefore has shown serious questions on the merits of this issue. Additionally, because he states

1  he is no longer exercising his First Amendment right to file grievances out of fear of retaliation,
2  he has shown a likelihood of irreparable harm. *Doe v. Harris*, 772 F.3d 563, 583 (9th Cir. 2014).
3  For the same reason, and because the defendants have no valid interest in retaliating against
4  Woods, the balance of hardships tips sharply in his favor.  "Finally, the public interest favors the
5  exercise of First Amendment rights." *Id.*  I therefore conclude a preliminary injunction is
6  appropriate.

7  However, in the prison context, I must narrowly draw injunctive relief and extend it no
8  further than necessary to correct the harm necessitating injunctive relief.  Because Woods'
9  retaliation claim survives against only defendants Smith and Brown, they will be the only
10 defendants against whom the injunction issues.  Additionally, I must give substantial weight to
11 any adverse impact on public safety or the operation of the criminal justice system caused by
12 preliminary injunctive relief.  I do so by clarifying that defendants Smith and Brown are not
13 enjoined from filing disciplinary charges against Woods if he violates prison rules and
14 regulations.  This preliminary injunction is not a free pass for Woods to flout the institution's
15 rules and regulations without penalty.  However, Smith and Brown may not file charges against
16 Woods in retaliation for grievances or lawsuits he files against them or against other correctional
17 officers or employees at the prison.  Because the law already prohibits this conduct, the
18 imposition on institutional and comity concerns is minimal.

19 Moreover, I caution Woods that more is needed to support a motion for contempt than
20 allegations that Smith or Brown filed disciplinary charges against him.  For civil contempt
21 sanctions, the moving party must show "by clear and convincing evidence that the contemnors
22 violated a specific and definite order of the court." *Fed. Trade Comm'n v. Enforma Natural*
23 *Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (quotation omitted).  Criminal contempt, on the
24 other hand, requires proof beyond a reasonable doubt that the alleged contemnor willfully
25 violated the court's order. *Yagman v. Republic Ins.*, 987 F.2d 622, 629 (9th Cir. 1993); 18 U.S.C.
26 § 401(3).  And, as I have previously stated, I am not enjoining Smith and Brown from filing any
27 disciplinary charges against Woods.  They are enjoined only from filing charges in retaliation for
28

1 Woods filing grievances or lawsuits against them or against other correctional officers or employees.

IT IS THEREFORE ORDERED that plaintiff Ian Woods' motion for a preliminary injunction **(Dkt. #58) is GRANTED in part and DENIED in part**.  Woods' motion is granted to the following extent:

Defendants Rashonda Smith and Aaron Brown, and any others in active concert or participation with either or both of them, are ENJOINED from filing disciplinary charges against plaintiff Ian Woods in retaliation for Woods filing a lawsuit or a grievance against Smith, Brown, or any other correctional officer or employee at Southern Desert Correctional Center.  This preliminary injunction shall not be construed by any party to enjoin Rashonda Smith, Aaron Brown, or any other individual from enforcing the rules and regulations at Southern Desert Correctional Center with respect to plaintiff Ian Woods, so long as that enforcement is not done to retaliate against Woods for filing a lawsuit or grievance against Smith, Brown, or any other correctional officer or employee at Southern Desert Correctional Center.

DATED this 10th day of September, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE