1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

| | |
|---|---|
| IAN WOODS, ) | Case No. 2:13-cv-01029-APG-NJK |
| Plaintiff(s), ) | |
| vs. ) | ORDER |
| AARON BROWN, et al., ) | |
| Defendant(s). ) | |

11
12
13
14
15

16        On January 29, 2016, the Court held a settlement conference in this case, which resulted in a

17    settlement.  Given the circumstances outlined below, however, the Court hereby **ADMONISHES**

18    Defendants' counsel, Eric Tran, and Defendants.

19         First, neither Defendant remaining in this case (Defendant Aaron Brown and Defendant

20    Rashonda Smith) appeared at the settlement conference.  The Court's order setting the settlement

21    conference is unambiguous that personal attendance was required for "[a]ll individual parties."  Docket

22    No. 134 at 2; *see also* Docket No. 137 (continuing settlement conference but noting that the

23    requirements outlined in Docket No. 134 continued to govern the settlement conference).[1]  If counsel

24    _____

25         [1] Mr. Tran indicated that, notwithstanding this clear language in the Court's order, he did not believe
Defendants' attendance was required based on his experience in other cases.  Previous non-compliance is

26    not an excuse for continued non-compliance. *See, e.g.*, *Burrage-Simon v. State Farm Mut. Auto. Ins. Co.*,
2015 WL 5224885, *4 (D. Nev. Sept. 8, 2015).  Nonetheless, the Court has considered Mr. Tran's

27    representation in deciding not to impose monetary sanctions in this instance. *See, e.g.*, *id.* Moving forward,
it should be clear to Mr. Tran and Defendants that personal attendance is required for all individual parties

28

1   believes attendance by individual defendants should not be required in a particular case, counsel must

2   file a motion seeking an exception to the Court's attendance requirements.  Docket No. 134 at 2.  Mr.

3   Tran and Defendants should anticipate similar violations in the future will result in the imposition of

4   monetary sanctions.

5          Second, Defendants' settlement statement was defective in numerous respects.   Most

6   significantly, the Court requires counsel to provide a candid assessment of their case, including "a frank

7   discussion of the weakest points" of the case.  Docket No. 134 at 3 (emphasis in original).  Defendants'

8   assessment of the case varied dramatically between the opening discussions at the settlement conference

9   and the representations in the settlement statement.

10         Third, and relatedly, it does not appear that Defendants' counsel was properly prepared for the

11  settlement conference, including most notably appearing to lack familiarity with the disciplinary charges

12  in dispute.  *But see* Fed. R. Civ. P. 16(f) (providing court with authority to impose sanctions when an

13  attorney is "substantially unprepared" to participate in a pretrial conference, including a settlement

14  conference).

15         Lastly, Plaintiff's *pro bono* counsel sent Mr. Tran a settlement proposal more than a month prior

16  to the settlement conference, and Mr. Tran provided no response of any kind.  While parties are not

17  required to engage in extensive settlement discussions in preparation for a formal settlement conference,

18  it appears that significant aspects of the current dispute could have been resolved by simply evaluating

19  Plaintiff's proposal and providing a response.  Moreover, it is not clear why Mr. Tran did not provide

20  *any* response at all, even to indicate that he and his clients would not accept the offer presented.  There

21  is an overriding requirement of good faith in settlement discussions, and the Court expects better

22  cooperation from Mr. Tran with opposing counsel in the future.

23         For each of these reasons, the Court **ADMONISHES** Mr. Tran and Defendants.  The Court

24  expects in the future that Mr. Tran and his clients will (1) comply with the attendance requirements

25  outlined by the Court absent an order excusing compliance, (2) prepare a proper settlement statement

26

27  _____

28  absent the filing and granting of a motion seeking an exception.

that complies with the Court's order, (3) better prepare for the settlement conference itself, and (4) respond in good faith to settlement offers made by opposing counsel.

IT IS SO ORDERED.

DATED: January 29, 2016

_____
Nancy J. Koppe
United States Magistrate Judge